IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DR. KAREN KING | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action File No.: |
| vs. | : | 1:15-mi-99999 |
| | : | |
| GENERAL SERVICES | : | |
| ADMINISTRATION REGION 4 | : | |
| EMPLOYEES ASSOCIATION, INC. dba | : | |
| GENERAL SERVICES | : | |
| ADMINSITRATION, | : | |
| DENISE ROTH | : | Jury Trial Demanded |
| Acting Administrator of General Services | : | |
| Administration; DAVID HOFSTETTER, | : | |
| Director of Client Solutions at General | : | |
| Services Administration; ELLEN SEILER, | : | |
| Deputy Director at General Services | : | |
| Administration; LASONYA GLOVER- | : | |
| DUNCAN, Branch Chief of Leasing | : | |
| Division at General Services | : | |
| Administration; SCOTT MOWRY, Branch | : | Electronically Filed |
| Chief of Leasing Division at General | : | |
| Services Administration | : | |
| | : | |
| Defendants. | : | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Dr. Karen King (hereinafter "Plaintiff"), by and

through her undersigned counsel, and files this Complaint for Damages pursuant to

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*.,

and 42 U.S.C. § 1981a, the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*., 5 CFR § 1201.161(b)(1), the Rehabilitation Act, 29 U.S.C. § 701 to remedy acts of employment discrimination and retaliation perpetrated against her by the DefendantsGeneral Services AdministrationRegion 4 Employees Association, Inc. dba General Services Administration (hereinafter "GSA"),Denise Roth, David Hofstetter, Ellen Seiler, LaSonya Glover-Duncan, and Scott Mowry, (hereinafter each referred to as "Defendant," and collectively referred to as "Defendants").

Plaintiff contends that GSA officials discriminated against her by passing her over for a GS-14 positionbecause of her race (African-American), age (over 40), and gender (female). Plaintiff further asserts that management retaliated against her for having complained about such discrimination, created a hostile working environment for her, causing her service-connected disability to worsen, failed to provide a reasonable accommodation and punished her for using medical leave to obtain treatment for work induced maladies.

Due to hostility, discrimination, retaliation, and denial of reasonable accommodations by GSA, Plaintiff's service–connected disability worsened to the point where she had no choice but to apply for disability retirement.  If Plaintiff had not been discriminated or retaliated against and had her requests for reasonable accommodations been granted, then her service-connected disability would have

not worsened to the point of inability to work.  And Plaintiff would not have had to apply for disability retirement.

## JURISDICTION AND VENUE

1.

Plaintiff invokes this Court's jurisdiction under 28 U.S.C. §§ 1331, 1343 on the grounds that this action arises under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000(e) et seq. (hereinafter, "Title VII").

2.

In addition, Plaintiff invokes this Court's pendent jurisdiction pursuant to 28 U.S.C. § 1367 with respect to Plaintiff's state law claims.

3.

The venue of this action is properly placed in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391, because the activities giving rise to Plaintiff's claims transpired in this district and Defendants are residents of this district.

4.

All conditions precedent to jurisdiction under Title VII have either occurred or been complied with; specifically, Plaintiff has filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter, "EEOC").  The Agency's decision was issued on March 31, 2015.  A true and

correct copy of the notice is attached as Exhibit A. Plaintiff has brought suit within 90 days of receipt of the Agency's decision.

## PARTIES

5.

Plaintiff is a female citizen of the United States of America, a resident of the State of Georgia, and is subject to the jurisdiction of this Court.

6.

Defendant GSA is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District.

7.

Defendant GSA is an employer, and Plaintiff is one of its employees.

8.

Defendant GSA maintains its principal office at 77 Forsyth Street, Suite 600 Atlanta, Georgia 30303, and is subject to the jurisdiction of this Court. It may be served by delivering process to Liana D. Henry, who is its registered agent for service of process, at said address.

9.

Defendant Hofstetter was employed as the Director of the Region 4 Leasing Division for Defendant GSA during the relevant times in this Complaint. He is a current employee of Defendant GSA and is subject to the jurisdiction of this court.

10.

Defendant Seiler was employed as the Deputy Director of the Region 4 Leasing Division for Defendant GSA during the relevant times in this Complaint. She is a current employee of Defendant GSA and is subject to the jurisdiction of this court.

11.

Defendant Glover-Duncan was employed as the Branch Chief of the Region 4 Leasing Division for Defendant GSA during the relevant times in this Complaint. She is a current employee of Defendant GSA and is subject to the jurisdiction of this court.

12.

Defendant Mowry was employed as a Branch Chief in the Region 4 Leasing Division and he no longer is employed with GSA.

**STATEMENT OF FACTS**

13.

Defendant GSA is a non-profit corporation.  It has employed 501 or more employees for each working day in at least twenty weeks during each and every calendar year that is relevant to this action.

14.

Upon information and belief, Defendant Mowry no longer works at GSA, but at all times relevant to this action was Plaintiff'simmediate supervisor.

15.

In August of 2001, Defendant GSA hired Plaintiff under the Outstanding Scholar Programin Branch B.

16.

From 2001 to 2011, Plaintiff consecutively worked in Branch B. Plaintiff enjoyed working in Branch B for Defendant GSA and had a consistent record of favorable annual evaluations from her superiors.Plaintiff had enjoyed numerous promotions throughout her decade of performance in Branch B.

17.

In April of 2011, Plaintiff applied for the Supervisory Realty Specialist position, GS-14, under vacancy announcement number 11040525 ("GS-14").

18.

In May of 2011, Plaintiff was notified by email that she was not selected for the GS-14 position. Instead, Defendant GSA selected Defendant Mowry, a white male. Defendant Seiler, a white female, knew Defendant Mowry prior to him coming to the Leasing Division and was his supervisor in the Portfolio Division. And Defendant Seiler wrote the questions for the GS-14 position. Defendant Hofstetter, a white male, approved Defendant Mowry's selection for the GS-14 position.

19.

In June of 2011, Plaintiff initially contacted the Equal Employment Opportunity Office ("EEO") about her nonselection for the GS-14 position. Plaintiff asserted that she was discriminated against based on race (African-American), sex (female), and age (over 40) when she was not selected for the GS-14 position.

20.

In June of 2011, an EEO counselor contacted Defendant Hofstetter, Defendant Seiler, and the GS-14 position's interview panel about Plaintiff's nonselection for the GS-14 position.

21.

In July of 2011, Defendant Seiler and DefendantHofstetter submitted their responses in writing.  Defendant Seiler stated that she wrote the questions for the panel and forwarded the list of recommendations to Defendant Hofstetter, the Approving Official.  DefendantHofsetter stated that Plaintiff's assertions are inaccurate and "it was apparent to the selection panel that Mr. Mowry's qualifications and leadership skills exceed those of AP…."

22.

In August of 2011, Plaintiff filed an EEO complaint for her nonelection for the GS-14 position.

23.

About two and one-half months after Plaintiff filed an EEO complaint, on November 6, 2011, Defendants Hofstetter, Seiler, Glover-Duncan, and Mowry retaliated against Plaintiff by reassigning her to Branch D, a failing branch.  Prior to Plaintiff's reassignment to Branch D, Plaintiff had never been reassigned during her decade in Branch B.

24.

On November 6, 2011, Plaintiff was reassigned to Branch D via notice of a personnel action.  However, Plaintiff was not notified about the reassignment until over a month had passed, on December 21, 2011.

25.

In February of 2012, Plaintiff filed a second EEO complaint for retaliation, because she was reassigned to Branch D, a failing branch.

26.

Subsequently, Defendant Glover-Duncan placed Plaintiff under impossible working conditions by, amongst other things, requiring her to complete assignments that had been stagnant and not worked on for approximately two years.  Also, Plaintiff was overwhelmed with training employees who did not understand how to complete lease projects correctly, which in turn caused her to be inundated with emails and phone calls of failing projects that were significantly behind schedule.

27.

On August 13, 2012, Plaintiff e-mailed Defendant Seiler to notify her about the failings and deficiencies of Branch D. No changes were implemented to cure the deficiencies.

28.

In December of 2012, Plaintiff filed a grievance for her 2011-2012 performance evaluation. Plaintiff's award of performance money was tied to the productivity level of her section.  Prior to Plaintiff's reassignment to Branch D, she had previously received level 5s for the previous five years.  After Plaintiff was

reassigned, she received level 3s and received thousands of dollars less in performance money.

29.

After successfully orchestrating the denial of a promotion to a GS-14, Defendants continued to engage in constant actual and attempted unlawful discrimination against her by actions that were designed to intimidate, harass and otherwise penalize the Plaintiff.

30.

Plaintiff suffers from a service-connected disability.  Prior to Plaintiff's reassignment to Branch D, she was capable of performing the essential functions of the Section Chief position.  Once Plaintiff was reassigned to Branch D, her service–connected disability worsened due to the failing deficiencies of said branch.

31.

Plaintiff requested that her schedule be altered to allow for three telecommute days out of the week, which amounted to a "reasonable accommodation" of her service-connected disability, and that Glover-Duncan, in refusing to allow her telecommute, unlawfully discriminated against her.  And Glover-Duncan did not offer Plaintiff any reasonable accommodations alternatives.

32.

As a result, Plaintiff had to go to the doctor more frequently, because the stress of low performing Branch D worsened her service-connected disability.

33.

Plaintiff has suffered economic losses by the agency's failure to promote her to the GS-14 position, including a loss of the increased pay, pension, and benefits that come with the position. And Plaintiff has suffered economic loss because her level three performance reviews prevented her from earning performance money.

34.

Plaintiff has suffered emotional and physical stress because of the unlawful treatment she received for engaging in protected activity. Her work environment was hostile and caused her severe emotional and physical distress, forcing her to file for disability retirement.

35.

Plaintiff believes that hernonselectionfor GS-14 position was due to her female gender status, African-American race, and age (over 40).

36.

Plaintiff believes that the reassignment to Branch D was retaliation for her filing an EEO complaint.

# CLAIMS FOR RELIEF

## COUNT I

## GENDER DISCRIMINATION IN

## VIOLATION OF TITLE VII

### 37.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

### 38.

Defendants discriminated against Plaintiff while she was employed at GSA by, among other things, treating her less favorably than male employees and her nonselection for the GS-14 position was partially based on her female gender status.

### 39.

The effect of Defendants' conduct was to deprive Plaintiff of economic opportunities, and otherwise adversely affected Plaintiff's status as an employee because of her sex.

### 40.

As a direct and proximate result of Defendants' actions, Plaintiff has experienced adverse effects to both her psychological and physical well-being.

41.

Defendant GSA is strictly liable for the acts of Defendants Hofstetter, Seiler, Glover-Duncan, and Mowry.

## COUNT II

## NATIONAL ORIGIN DISCRIMINATION IN

## VIOLATION OF TITLE VII

42.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

43.

Defendants discriminated against Plaintiff because of her race by not selecting her for the GS-14 position and instead selected a white male, Defendant Mowry.

44.

The effect of Defendants' conduct was to deprive Plaintiff of economic opportunities, and otherwise adversely affected Plaintiff's status as an employee because of her race.

45.

As a direct and proximate result of Defendants' actions, Plaintiff has experienced adverse effects to both her psychological and physical well-being.

46.

Defendant GSA is strictly liable for the acts of Defendants Hofstetter, Seiler, Glover-Duncan, and Mowry.

## **COUNT III**

## **RETALIATION IN**

## **VIOLATION OF TITLE VII**

47.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

48.

Defendants subjected Plaintiff to adverse employment actions when Plaintiff engaged in protected conduct—filing an EEO complaint.

49.

There was a causal connection between the protected conduct engaged in by Plaintiff and the adverse employment actions.

50.

Specifically, about two and one-half months after Plaintiff filed an EEO complaint, on November 6, 2011, Defendants Hofstetter, Seiler, Glover-Duncan, and Mowry retaliated against Plaintiff by reassigning her to Branch D, a failing branch.

51.

As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages. Plaintiff's award of performance money was tied to the productivity level of her section. Prior to Plaintiff's reassignment to Branch D, she had previously received level 5s for the previous five years. After Plaintiff was reassigned, she received level 3s and received thousands of dollars less in performance money.

52.

Defendant GSA is strictly liable for the acts of Defendants Hofstetter, Seiler, Glover-Duncan, and Mowry.

## COUNT IV

## DISABILITY DISCRIMINATION IN

## VIOLATION OF REHABILITATION ACT

53.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

54.

Defendant GSA has discriminated against Plaintiff by denying her reasonable accommodation for her disabilities, including occupational stress, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, as amended.

55.

Defendant GSA has conducted itself intentionally, deliberately, and in callous disregard of the rights of Plaintiff.

56.

By reason of Defendant GSA's discrimination, Plaintiff is entitled to all legal and equitable remedies available under the Rehabilitation Act.

57.

Attorney's fees should be awarded under 29 U.S.C. § 794(a)(1).

58.

Defendant GSA is strictly liable for the acts of Defendants Hofstetter, Seiler, Glover-Duncan, and Mowry.

## **COUNT V**

## **CLAIMS FOR RELIEF UNDER**

## **THE CIVIL RIGHTS ACT OF 1991**

59.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

60.

Defendant GSA permitted its employees to act in a hostile manner towards Plaintiff and other employees, and in failing and refusing to take any appropriate remedial action toward the unlawful employment practices has not only deprived

Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

61.

As a direct and proximate result of Defendant GSA's unlawful employment practices, Plaintiff has been embarrassed, humiliated, and suffered damage to her emotional and physical health.

62.

Plaintiff seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991.

## COUNT VI

## CLAIMS FOR RELIEF UNDER STATE LAW

## NEGLIGENT HIRING, RETENTION AND SUPERVISION

63.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

64.

Defendant GSA knew, or in the exercise of ordinary diligence, should have known of the propensity of its employees to engage in discriminatory conduct toward other employees based on their race, age, and/or gender.

65.

Defendant GSA nevertheless failed and refused to act to protect Plaintiff.

66.

Defendant GSA is thus liable to Plaintiff for all the damages sustained as a result of its negligence.

## **COUNT VII**

## **INTENTIONAL INFLICTION OF**

## **EMOTIONAL DISTRESS**

67.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

68.

Defendants' conduct was extreme and outrageous.

69.

Defendants intended to inflict severe emotional distress or knew that there was a high probability that their conduct would have this effect.

70.

Defendants conduct actually caused severe emotional and physical distress.

71.

Defendant GSA is strictly liable for the acts of Defendant GSA is strictly liable for the acts of Defendants Hofstetter, Seiler, Glover-Duncan, and Mowry, and is therefore liable for all general and special damages proximately resulting from her intentional infliction of emotional distress.

## PUNITIVE DAMAGES

### 72.

Plaintiff hereby incorporates all previous paragraphs as if fully restated herein.

### 73.

Defendants' actions with respect to Plaintiff have shown willful misconduct, malice, fraud, wantonness, oppression, and a complete want of care, thus entitling Plaintiff to an award of punitive damages in order to deter, punish and penalize Defendants for and from such conduct in the future.

## ATTORNEY'S FEES

### 74.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

### 75.

Plaintiff is entitled to an award of attorney's fees and expenses of litigation on each and every cause of action alleged herein, because Defendants have acted in bad faith, failed to reciprocate full discovery, and caused Plaintiff unnecessary trouble and expense.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for:

1) Grant Plaintiff a trial by jury as to all counts in the Complaint;

2) Enter judgment awarding Plaintiff lost wages, an equal amount as compensatory damages, attorneys' fees, retirement benefits, costs, and all other remedies allowed under Title IX, including punitive damages should they be permitted and prejudgment and post judgment interestas is permitted by law;

3) Enter judgment awarding Plaintiff liquidated damages for Defendants' willful violations of Title VII, and any related statutes, regulations and rights;

4) General damages for mental, emotional, and physical suffering caused by Defendants' misconduct;

5) Grant an order directing the Defendants to promote the Plaintiff to a GS-14 position, with back pay and benefits.

6) In the alternative to the relief requested in preceding subparagraph, grant an order directing Defendants pay the Plaintiff front pay for those wages she would be receiving if she had been properly considered for promotion to GS-14 as a Supervisory Realty Specialist.

7) Grant declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

8) Enjoining and permanently restraining Defendants from continuing to engage in such unlawful employment practices and from further violating Plaintiff's rights in the future by, *inter alia*, providing negative, misleading and/or disparaging references pertaining to Plaintiff's employment and/or inaccurately maintaining Plaintiff's personnel file;

9) Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

10) That the Court retain jurisdiction over this action until Defendants have fully complied with Orders of this Court and that the Court require Defendants to file such reports as may be necessary to supervise such compliance;

11) Grant attorneys' fees and costs of litigation pursuant to 42 USC 1988(b) ;

12) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 26th day of June, 2015.

Shania CherellKing

/s/ Shania Cherell King
Shania Cherell King
Georgia Bar No. 983088

180 Peachtree Street
Suite 100
Atlanta, Georgia 30309
Telephone:  678-793-7975
Facsimile:    866-299-4338
Email:shania@shaniakinglaw.com

*Attorney for Plaintiff*

**PAGE LEFT INTENTIONALLY BLANK**